IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRUCE M. AITKEN,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:22-cv-00216-TC<br><br>District Judge Tena Campbell |

  Petitioner Bruce M. Aitken pled guilty in Utah state court to three counts of attempted forcible sexual abuse and two counts of sexual battery. Claiming that his defense counsel failed to sufficiently investigate these claims before advising him to plead guilty, Mr. Aitken moved to withdraw his guilty pleas. The Fourth Judicial District Court, Juab County, denied Mr. Aitken's motion, and the Utah Court of Appeals affirmed. State v. Aitken, 2022 UT App 21, 505 P.3d 1159. Now Mr. Aitken brings his ineffective-assistance-of-counsel claim to federal court in a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.)

  Before the court can examine the merits of Mr. Aitken's habeas petition, he must show that he has exhausted available state-court remedies. See Fontenot v. Crow, 4 F.4th 982, 1018 (10th Cir. 2021). "To exhaust a claim, a [petitioner] must pursue it through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." Id. at 1019 (quoting Selsor v. Workman, 644 F.3d 984, 1026 (10th Cir. 2011)). Mr. Aitken had thirty days in which to petition the Utah Supreme Court for certiorari, Utah R. App. P. 48(a), but he did not do so, and the time has since expired.

Because Mr. Aitken failed to present his habeas claim to the Utah Supreme Court, he has "procedural default[ed]" his claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). And "a federal court may not review federal claims that were procedurally defaulted in state court." Davila v. Davis, 137 S. Ct. 2058, 2064 (2017). Mr. Aitken can move past his procedural default by establishing "'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" Id. at 2064–65 (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)). To establish cause, Mr. Aitken must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Id. at 2065 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "A factor is external to the defense if it 'cannot fairly be attributed to' [the petitioner]." Id. (quoting Coleman v. Thompson, 501 U.S. 722, 754 (1991)).

Mr. Aitken explains that he did not petition for certiorari because of "lack of finance." (ECF No. 1 at 5.) And he admits that he did not raise this issue through a state post-conviction motion, perhaps also because he "has no more money to pay attorney fees." (Id. at 5–6.) But Mr. Aitken could have petitioned for certiorari even without an attorney, and he could have also applied for a waiver of court fees. The Utah Supreme Court provides forms and a checklist for self-represented parties on its website.[1] Mr. Aitken is not in custody—his plea deal involved no prison time—so he could have accessed these resources online.

Even if "lack of finance" could theoretically count as "cause," Mr. Aitken has failed to show that this factor was "external to the defense." The fee for filing a certiorari petition is $240. Utah Code Ann. § 78A-2-301(1)(h). But on March 28, 2022—only 39 days after the Utah

---

[1] Utah Supreme Court, Petition for Writ of Certiorari (Appealing a Court of Appeals decision to the Supreme Court), https://www.utcourts.gov/howto/appeals/#forms (last visited April 14, 2022).

Court of Appeals' decision—Mr. Aitken paid a $402 filing fee to bring this action in federal court. (See ECF No. 1.) He clearly had the means to pay the $240 fee needed to present his claim to the Utah Supreme Court. He could have done this even without a lawyer. Instead, he tried to take a shortcut around "the State's established appellate review process" by coming straight to federal court. He cannot do this.

## CONCLUSION

Mr. Aitken's claim is procedurally defaulted, and he has not shown cause and prejudice. Based on the petition, it "plainly appears" that Mr. Aitken is "not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that Mr. Aitken's petition (ECF No. 1) is DISMISSED. Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court also DENIES a certificate of appealability. Mr. Aitken has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" or that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 14th day of April, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge